OPINION
{¶ 1} This case is before us on Plaintiff-Appellant Scott Swanson's appeal of a trial court's decision denying his motion for partial summary judgment, granting Defendant Federal Insurance Company's motion for summary judgment, and dismissing Swanson's claims against Federal.
 {¶ 2} On October 4, 1997 Swanson was driving in Springfield, Ohio when his car was struck by a car driven by Kidd, but owned by Tiffany Price. Kidd, who was driving under the influence of alcohol, ran a red light and struck Swanson's car. Kidd was insured by Colonial Insurance Company. Additionally, Price carried a policy on her car through Progressive Insurance Company. At the time of the accident, Swanson was an employee of Rittal Corporation. However, he was not driving a company car, nor was he in the course or scope of his employment when he was hit. Rittal was insured by Federal Insurance Company, Chubb Division, and the policy included underinsured motorist coverage. On September 29, 1999 Swanson filed a complaint against Kidd and Price.
 {¶ 3} On January 30, 2001 Progressive paid its policy limit of $12,500 in exchange for a dismissal of Swanson's claims against Kidd, Price, and Progressive. Swanson gave notice of the accident to Federal by a letter received in February, 2001, after the settlement with Progressive. On March 7, 2001 the trial court granted Swanson's motion to amend his complaint to join Colonial and Federal. Service to Federal was achieved on April 17, 2001.
 {¶ 4} Swanson filed a motion for partial summary judgment against Federal on October 9, 2001. Federal filed a memorandum in opposition and moved for summary judgment; Swanson responded. Following argument in open court, the trial court concluded that Swanson was an insured of Federal pursuant to the Ohio Supreme Court's decision in Scott-Ponzer v. LibertyMut. Fire Ins. Co., 85 Ohio St.3d 660, 1999-Ohio-292. However, the trial court found that Swanson had failed to comply with the conditions of the Federal policy because he failed to give timely notice to the insurer and because he failed to protect the insurer's right to subrogation. Therefore, the trial court denied Swanson's motion for partial summary judgment. Instead, the court granted summary judgment in Federal's favor and dismissed Swanson's claims against Federal.
 {¶ 5} Swanson's first assignment of error:
 {¶ 6} "The trial court erred in granting defendant-appellee's motion for summary judgment based on an inaccurate application of the law as it pertains to the notice provision of a contract of auto insurance."
 {¶ 7} Swanson's second assignment of error:
 {¶ 8} "The trial court erred in granting defendant-appellee's motion for summary judgment based on an inaccurate interpretation of the contract language as it pertains to the subrogation provision of a contract of auto insurance."
 {¶ 9} "Summary judgment is appropriate when there is no genuine issue as to any material fact and reasonable minds can reach only one conclusion, which is adverse to the party against whom the motion is made, entitling the moving party to judgment as a matter of law. The evidence must be strongly construed in favor of the nonmoving party."Ferrando v. Auto-Owners Mut. Ins. Co., 98 Ohio St.3d 186,2002-Ohio-7217, ¶ 24, citing, Civ.R. 56(C).
 {¶ 10} During the pendency of this appeal, the Ohio Supreme Court issued a decision relevant to the issues presented in the instant case.Ferrando, supra. Both parties have filed supplemental briefs in light of the holding of that case. Because of the changes made to the law by theFerrando case, we must conclude that genuine issues of material fact exist, and the case must therefore be remanded to the trial court for further proceedings consistent with that opinion.
 {¶ 11} In Ferrando the Supreme Court addressed both prompt-notice and subrogation provisions of an automobile insurance policy. The Court held that "[w]hen an insurer's denial of underinsured motorist coverage is premised on the insured's breach of a prompt-notice provision in a policy of insurance, the insurer is relieved of the obligation to provide coverage if it is prejudiced by the insured's unreasonable delay in giving notice. An insured's unreasonable delay in giving notice is presumed prejudicial to the insurer absent evidence to the contrary."Ferrando, supra, at paragraph one of the syllabus.
 {¶ 12} The Court also held that "[w]hen an insurer's denial of underinsured motorist coverage is premised on the insured's breach of a consent-to-settle or other subrogation-related provision in a policy of insurance, the insurer is relieved of the obligation to provide coverage if it is prejudiced by the failure to protect its subrogation rights. An insured's breach of such a provision is presumed prejudicial to the insurer absent evidence to the contrary." Ferrando, supra, at paragraph two of the syllabus. (Bogan v. Progressive Cas. Ins. Co. (1988),36 Ohio St.3d 22, 521 N.E.2d 447, paragraph four of the syllabus, overruled in part.)
 {¶ 13} In order to apply these holdings, the Supreme Court established a two-step analysis. Ferrando, supra, at ¶¶ 89-91. In late-notice cases the trial court must first consider whether the "insurer received notice `within a reasonable time in light of all of the surrounding facts and circumstances.'" Id. at ¶ 90, quoting Ruby v.Midwestern Indemn. Co. (1988), 40 Ohio St.3d 159, 531 N.E.2d 730, syllabus. If notice was received in a timely manner, the provision was not breached, and underinsured motorist coverage is in force. Ferrando,
supra, at ¶ 90. However, if notice was not timely, the trial court must next consider whether the insurer was prejudiced by the breach. Id. Such prejudice is presumed, and the insured bears the burden of presenting evidence to the contrary. Id.
 {¶ 14} In subrogation cases the trial court must first consider whether the provision was actually breached. Id. at ¶ 91. If not, coverage must be provided. Id. If the provision was breached, the trial court must next consider whether the insurer was prejudiced by the breach. Id. Once again, a presumption of prejudice arises by the breach, and the insured bears the burden of presenting evidence to rebut that presumption. Id.
 {¶ 15} In the instant case the trial court found that Swanson had failed to comply with the conditions of the Federal policy because he failed to give timely notice to the insurer and because he failed to protect the insurer's right to subrogation. However, the trial court did not address the issue of prejudice to Federal in regards to the breach of either the notice or the subrogation provisions of the policy. Therefore, we must remand this case for consideration of that issue. In light of our decision to remand this case, we need not address the other issues before us.
 {¶ 16} The judgment of the trial court is hereby REVERSED and REMANDED to the trial court so that the trial court can conduct a complete analysis consistent with the Supreme Court's recent decision inFerrando, supra.
FAIN, P.J. and GRADY, J., concur.